IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD PARKER,**

    Plaintiff,

v.                                                                                   Civil Action No. **3:23CV600**

**PORTSMOUTH CITY POLICE DEPARTMENT,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Donald Parker, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Parker's Second Particularized Complaint, (ECF No. 20), and for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

In his Second Particularized Complaint, Parker named Chief Renado Prince, Chief Stephen Jenkins, and the Portsmouth City Police Department as Defendants. (ECF No. 20, at 1.)[2] Specifically, Parker alleges as follows:

1. Chief Renado Prince and Chief Stephen Jenkins are the Defendants that gave, I, the Plaintiff, the reason to file my complaint/lawsuit. I, the Plaintiff, repeatedly tried to reach the Defendants and their office on 8/8/21 and on 11/10/22 and on 4/15/22 and on 1/8/23. I, the Plaintiff, wrote the Defendants Chief Renado Prince [and] Chief Stephen Jenkins requesting to file charges against my neighbor Joshua James Rosebrough for attacking me and my wife because we was black people. Chief Renado Prince [and] Chief Stephen Jenkins refused me of my constitutional rights. The Defendants refused me of my First, Fifth, and Fourteenth Amendment. I, the Plaintiff, wrote the Defendants requesting to file a "hate crime" charge against my neighbor for attacking me and my wife on 6/28/21. Chief Renado Prince and Chief Stephen Jenkins (violated First, Fifth, Fourteenth Amendment) never responded to my letters or my request.
2. Chief Renado Prince violated my constitutional rights and was refusing me of my right to press charges against my neighbor. I, the Plaintiff, repeatedly tried to contact Chief Renado Prince to inform him of my request (violated First, Fifth, Fourteenth Amendment),

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation from Parker's submissions.

3

<u>Chief Stephen Jenkins</u> was aware of my situation because it was on the news in the City of Portsmouth. Chief Stephen Jenkins refused to allow me to press charges against my neighbor and violated my rights. He refuse[d] to respond to my letters and phone calls that my family made to him concerning my request. I also believe that Chief Stephen Jenkins was racial profiling me along with the Police Department (violated First, Fifth, and Fourteenth Amendment).

FIRST AMENDMENT RIGHT VIOLATED

3. <u>First Amendment right violated by Chief Renado Prince</u>. Didn't allow me to use my fundamental constitutional rights to use the court system and public service, and for this reason, I, the Plaintiff, wasn't able to press charges against my neighbor. I, the Plaintiff, was being refused of my rights by Chief Renado Prince. He stop[ped], I, the Plaintiff, from having access to the Portsmouth City Police Department.
<u>Chief Stephen Jenkins</u> with this being done to me, I, the Plaintiff, suffer with emotional distress from Chief Stephen Jenkins not allowing me to use my constitutional rights by, I, the Plaintiff, not being able to have my right to a due process of law, made, I, the Plaintiff, suffer with mental damage. I repeatedly was refused of a response from Chief Stephen Jenkins.

FOURTEENTH AMENDMENT RIGHT VIOLATED

<u>Fourteenth Amendment rights violated by Chief Renado Prince</u>. He is liable for all the pain and suffering because I, the Plaintiff, tried repeatedly to contact him concerning my request to press charges on my neighbor that attack[ed] and assaulted me and my wife. Chief Renado Prince was aware of all my request[s].
<u>Chief Stephen Jenkins</u> he never gave me the opportunity to be able to go to the courts for my rights being violated. I, the Plaintiff, repeatedly requested for to file these charges over a year to two-year[s] time. I, the Plaintiff, gave the (chief) Stephen Jenkins plenty [of] time to respond to my request. I was left with no other option and that was to file a lawsuit against him and the Portsmouth City Police Department.
4. All request of the Second Particularized Complaint for civil action number 3:23CV600 has been done and answer[ed].
5. I, the Plaintiff, pray for relief from this Court total lack of legal resources to a pro se Plaintiff as a 14th Amendment violation of due process.

(*Id.* at 1–5.)

4

### III. ANALYSIS

#### A. Portsmouth City Police Department is Not a Person

Parker names the Portsmouth City Police Department as a Defendant. In order to state a viable claim under 42 U.S.C. § 1983,[3] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). As the Court previously warned Parker, (*see* ECF No. 16, at 1), the Portsmouth City Police Department is not a person amenable to suit under § 1983. *Santiago v. Lynchburg Police Dep't*, No. 7:23cv00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) (citations omitted); *Muniz v. Fairfax County Police Dept.*, No. 1:05CV466 (JCC), 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005) (citations omitted). Accordingly, any claim against the Portsmouth City Police Department will be DISMISSED for failure to state a claim and as frivolous.

#### B. No Right to Press Charges

In his Second Particularized Complaint, Parker faults Defendants Prince and Jenkins for either not responding to his requests or not permitting Parker to file criminal charges against his neighbor. However, the "authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D.

---

[3] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Parker as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Because Parker had no right to file charges against his neighbor, he fails to state a claim against Defendants Price or Jenkins. Accordingly, Parker's claims against Defendant Prince and Jenkins will be DISMISSED for failure to state a claim and as frivolous.

## IV. CONCLUSION

Parker's claims will be DISMISSED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 29 May 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge