IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD PARKER,**

    Plaintiff,

v.                                                                                               Civil Action No. **3:23CV600**

**PORTSMOUTH CITY POLICE DEPARTMENT,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Donald Parker, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on May 29, 2024, the Court dismissed Parker's Second Particularized Complaint pursuant to the Court's screening obligations under 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF Nos. 21, 22.) On June 13, 2024, the Court received a letter from Parker "ask[ing] the Court as a pro se inmate please take another look at my case." (ECF No. 26, at 1.) The Court construes this letter as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Parker does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The Court, however, construes Parker to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

At most, Parker asks the Court to "take another look at [his] case and [he] want[s] to know why [his] case wasn't tried by a jury" because he "requested to have the trial by jury on this case." (ECF No. 26, at 1.) Even if Parker requested a jury trial, the Court must first screen the case as required by statute. As explained to Parker previously, pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. Here, pursuant to its screening obligations, the Court found that Parker's claims were both frivolous and failed to state a claim for relief. The Court, therefore, dismissed the action.

Because Parker fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion, (ECF No. 26), will be DENIED.

An appropriate Order shall issue.

Date: 24 July 2024
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District Judge